■ In the Matter of FREDERICK B., a Person Alleged to be a Juvenile Delinquent, Respondent. NASSAU COUNTY ATTORNEY, Appellant. [601 NYS2d 948] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Nassau County (Burton, J.), dated June 29, 1992, as amended August 12, 1992, which, after a probable cause hearing, dismissed, without prejudice, a petition charging Frederick B. with the commission of acts which, if committed by an adult, would have constituted the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for a fact-finding hearing.

We disagree with the Family Court's conclusion that there was insufficient evidence to support a finding of probable cause in this case. It is well settled that, following a probable cause hearing, the court must determine "(a) whether it is reasonable to believe that a crime was committed; and (b) whether it is reasonable to believe that the respondent committed such crime" (Family Ct Act § 325.3 [1] [a], [b]). The appellant presentment agency correctly contends that the testimony adduced at the hearing sufficiently established that there was probable cause for the appellant's arrest. Indeed a veteran police officer who had more than three years experience with the "Narcotics Enforcement Team" testified that he and other members of the team, along with a confidential informant, were in the vicinity of Babylon Turnpike and Toma Place at approximately 11:35 P.M. on June 3, 1992, as part of a narcotics investigation. The officer observed the confidential informant approach the appellant and ask "if anybody was working", to which the appellant replied in the negative. As the confidential informant continued walking, the appellant changed the direction in which he had been traveling and entered a nearby delicatessen. He approached his accomplice and appeared to converse with him inside the store, whereupon the two males left the store and called out to the confidential informant, asking him what he was looking for. After the informant indicated that he wished to purchase two dimes, the males directed him to follow them into the delicatessen. The officer observed the informant engage in a hand-to-hand exchange with the accomplice inside the store

while the appellant stood at the door of the establishment. The informant then left the scene, and the two males remained in the area for a short time before beginning to walk away together. When they reached a corner where one of the team's unmarked police cars was parked, they immediately fled in different directions and were quickly apprehended in the rear yards of some neighboring homes. The officer further testified that the area was extremely well-lit, that he had made his observations from a distance of 75 feet or less, and that he concentrated on the appellant's characteristics so that he could obtain an accurate physical description and identification of him. Given these circumstances, we find that it was clearly reasonable for the narcotics officers to believe that a drug transaction had occurred and that the appellant, acting in concert with another, had fully and knowingly participated in that transaction. Accordingly, the appellant's arrest was supported by probable cause, and the Family Court erred in finding to the contrary. Hence, we remit the matter to the Family Court for a fact-finding hearing on the petition.

In view of the foregoing, we do not reach the presentment agency's remaining contentions. Sullivan, J. P., Balletta, Ritter and Pizzuto, JJ., concur.